IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE AQUILA ERISA LITIGATION | ) ) ) ) | Case No. 04-00865-CV-W-DW |

ORDER

Pending before the Court is Defendants' Motion to Dismiss Counts IV, VI, and VII (Doc. 36). For the following reasons, Defendants' Motion to Dismiss Count IV is denied. Defendants' Motion to Dismiss Counts VI and VII is granted.

I.   Introduction

This motion arises out of a putative class action involving claims of breach of fiduciary duties under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3) (ERISA). Plaintiffs are all current or former employees of Aquila, Inc. (Aquila), and are all participants in the Aquila Retirement Investment Plant (the Plan), a defined contribution plan whose purpose is to provide retirement income security to Aquila employees. Plaintiffs allege they suffered significant losses in their investment in the Plan when Aquila's common stock price collapsed. The action is taken against Aquila, members of the Board of Directors and certain officers of Aquila.

II.   Factual Background

Plaintiffs allege that each Defendant breached fiduciary duties to the Plan. Specifically, Plaintiffs bring seven counts: (I) breach of fiduciary duty to disclose and inform (against all Defendants); (II) breach of fiduciary duty to eliminate or limit inappropriate investment options

1

(against all Defendants); (III) inducing the acquisition and retention of Aquila stock in the Aquila Employee Stock Ownership Program (ESOP) (against all Defendants); (IV) breach of fiduciary duty to avoid conflicts of interest (against all Defendants); (V) breach of fiduciary duty to monitor the committee (against Aquila and Defendant members of the Board of Directors); (VI) breach of co-fiduciary duty under section 405 (against all Defendants); and (VII) knowing participation in a breach of fiduciary duty (nonfiduciary liability) (against all Defendants).

Plaintiffs seek to recover "any losses to the plan" and restore "the values of the plan's assets to what they would have been if the plan had been properly administered." Defendants now bring this motion to dismiss counts IV, VI, and VII pursuant to Federal Rule of Civil Procedure 12(b)(6).

III.     Legal Standard for a Motion to Dismiss

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all factual allegations in the complaint, and construes the factual allegations in the light most favorable to the plaintiffs. Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649 (8th Cir. 1998). A complaint should not be dismissed "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697-98 (8th Cir. 2003). But the Court need not give any effect to conclusory allegations of law. Id. See also Parkhill v. Minn Mut. Life Ins. Co., 286 F.3d 1051, 1058 (8th Cir. 2002) (well-pleaded facts, not legal theories or conclusions, determine adequacy of complaint); Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990) (the court does not "blindly accept the legal conclusions drawn by the pleader from the facts").

IV.     Count IV:  Breach of Duty of Loyalty

Count IV alleges that all defendants breached a "fiduciary duty of loyalty to avoid conflicts of interest and to promptly resolve them when they occur." Consolidated Amended Complaint (CAC) ¶ 278.  Defendants argue that accepting the well-pled facts as true, Plaintiffs' assertions are insufficient to show a legally cognizant conflict of interest under ERISA § 404(a). 29 U.S.C. § 1104(a).

The CAC alleges that Defendants received a significant portion of their bonus compensation in Aquila stock and stock options thereby tying their compensation to the price of Aquila stock.  CAC ¶¶ 194, 196.  Plaintiffs specifically allege that Defendants encouraged Plan participants to invest in Aquila stock in order to boost their own compensation at the expense of Plan participants. CAC ¶¶ 91-96, 132.

These allegations sufficiently set forth a claim for breach of the duty of loyalty under ERISA § 404(a).  In re ADC Telecomm., Inc., No. 03-2989 ADM/FLN, 2004 U.S. Dist. LEXIS 14383, at *26 (D. Minn. July 26, 2004) (allegations that the defendant's compensation was tied to the value of ADC stock sufficient to state a claim for breach of the duty of loyalty); In re Sears, Roebuck & Co. ERISA Litig., 2004 WL 407007, at *5 (N.D. Ill. Mar. 3, 2004) (sustaining breach of duty of loyalty claim where the complaint alleged that their fiduciaries could not be fully loyal because part of their compensation was tied to the price of the Company's stock). Accordingly, Defendants' Motion to Dismiss Count IV is DENIED.

V.      Breach of Co-fiduciary (Count VI) and Nonfiduciary (Count VII) Duties

Defendants argue the CAC fails to state claims for co-fiduciary or nonfiduciary liability in that it fails to allege (a) the knowledge of, or participation in, another fiduciary's breach

necessary to maintain a breach of co-fiduciary duty claim, and (b) the requisite "knowing participation" for a breach of nonfiduciary duty claim.

A co-fiduciary is liable for another fiduciary's breach only when the co-fiduciary has (1) knowledge of the other fiduciary's breach; (2) knowingly participates in or conceals a breach by the other fiduciary; or (3) enables such a breach by an active failure to comply with the co-fiduciary's own fiduciary obligations to the plan. 29 U.S.C. § 1105(a).

A nonfiduciary can be held liable for their "knowing participation" in a fiduciary's breach. Harris Trust & Savings Bank v. Salomon Smith Barney Inc., 530 U.S. 238, 248-49 (2000); 29 U.S.C. § 1132(a)(3). "Knowing participation" consists of (1) knowledge of the primary violator's status as a fiduciary; and (2) knowledge that the primary violator's conduct contravenes a fiduciary duty. Liss v. Smith, 991 F. Supp. 278, 305 (S.D.N.Y. 1998).

Plaintiffs first defend their co-fiduciary claim by arguing that where a complaint adequately pleads a defendant's breach of fiduciary duty, it also states a valid claim for co-fiduciary liability against that same defendant. The Court is unpersuaded by the authorities relied upon in Plaintiffs' brief. Plaintiffs rely heavily on In re CMS Energy ERISA Litig., 312 F. Supp. 2d 898 (E.D. Mich. 2004) for this proposition. However, the issue addressed in CMS was whether an underlying breach of fiduciary duty had been alleged such that a co-fiduciary claim could survive a motion to dismiss. The CMS court held that the complaint sufficiently alleged a breach of fiduciary duty claim, a foundational element of a breach of co-fiduciary duty claim. It did not hold that a breach of co-fiduciary duty claim may piggy-back on a properly pleaded breach of fiduciary duty claim. Id. at 909-10.

Second, Plaintiffs argue they need only set forth allegations in their complaint that track

4

ERISA's statutory language. Merely quoting a statute and making conclusory allegations, however, is insufficient to put the Defendants on notice of any factual basis of the claim. In re Sprint Corp., ERISA Litig., No. 03-2202-JWL, 2004 WL 1179371, *18 (D. Kan. May 27, 2004) (Sprint I) ("These paragraphs, however, contain no factual allegations at all, but instead simply parrot the language of the co-fiduciary liability statute.").

The pivotal question thus becomes whether the CAC sufficiently alleges the knowledge necessary to maintain Plaintiffs' claims for breach of co-fiduciary duty and breach of non-fiduciary duty against Defendants. The Court answers that question in the negative.

A complaint must state facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). Specifically, when pleading that a defendant or defendants knew or should have known of alleged breaches of a fiduciary duty, ERISA requires "an allegation of *knowing* participation in or facilitation of the underlying breach." In re Syncor ERISA Litig., 351 F. Supp. 2d 970 (C.D. Cal. 2004)(emphasis in original).

Plaintiffs rest their allegations of knowing participation upon paragraphs 5, 12, 126, 150 and 173 of the CAC. These paragraphs lump all Defendants together without explaining how a particular Defendant enabled another fiduciary to commit a breach or failed to take reasonable efforts to remedy a knowledge of the breach. Paragraph 5 addresses general breach of fiduciary duty claims against all Defendants. Paragraph 12 generally alleges that all Defendants "understood" events occurring in the company . Paragraphs 126, 150 and 173 contain general allegations regarding what Defendants "knew or should have known" or that Defendants were "aware of the continued problems." In sum, the cited paragraphs do not contain allegations that

put Defendants on notice of both the nonfiduciary and co-fiduciary charges against each Defendant. Such conclusory allegations must be rejected. Sprint I, 2004 WL 1179371; In re Sprint Corp., ERISA Litig., No. 03-2202-JWL, 2004 WL 2182186 (D. Kan. Sept. 24, 2004) (Sprint II); In re Sears, Roebuck & Co., 2004 WL 407007 at *8; In re Syncor, 351 F. Supp. 2d at 988; In re McKesson HBOC, Inc., ERISA Litig., 2002 WL 31431588 at *17 (N.D. Cal.2002).

Accordingly, Counts VI and VII are dismissed with leave to amend. Plaintiffs seeking leave to amend to assert these claims should do within twenty (20) days of the date of this Order, should they wish to do so. If Plaintiffs choose to amend their claims, they shall identify the breaches of fiduciary duty, identify the Defendants with knowledge of the breaches, how each Defendant failed to take reasonable efforts to remedy the breach, and identify what acts specific Defendants took to participate in or conceal the breach.

VI.     Count VII: Remedies Recoverable Against Nonfiduciaries

Defendants argue that Plaintiffs cannot seek a legal remedy (monetary damages) against a nonfiduciary under ERISA §§ 502(a)(2), but must seek equitable relief from nonfiduciaries. Harris Trust & Savings Bank v. Salomon Smith Barney Inc., 530 U.S. 238, 247-48 (2000); Mertens v. Hewitt Associates, 508 U.S. 248 (1993); 29 U.S.C. §§ 1132(a)(2)–(3). Plaintiffs cite to their Prayer for Relief and to the CAC for the legal point that nonfiduciaries may only be held liable for equitable relief, yet fail to demonstrate how, if ultimately successful on a nonfiduciary duty claim, they could recover equitable relief. Accordingly, Count VII is dismissed with leave to amend. Plaintiffs seeking leave to amend to assert this claim should do so on or within twenty (20) days of the date of this Order, should they wish to do so. If Plaintiffs so choose to amend their complaint, they should identify monies held by any Defendant that must

6

equitably be returned, or any other equitable relief to which Plaintiff may be entitled. See Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002).

VII. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss Count IV is denied. Counts VI and VII are dismissed with leave to amend within twenty (20) days of the date of this Order.

IT IS SO ORDERED

/s/ DEAN WHIPPLE<br>Dean Whipple<br>United States District Judge

DATE: October 14, 2005