IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

IN RE AQUILA ERISA LITIGATION ) Case No. 04-00865-CV-DW

## FINAL ORDER AND JUDGMENT

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), with respect to the Aquila, Inc.'s Retirement Investment Plan (the "Plan"). [1]

This matter came before the Court for a hearing on November 13, 2007, pursuant to the Order of this Court entered on August 15, 2007, on the application of the parties for approval of the Settlement set forth in the Class Action Settlement Agreement (the "Settlement Agreement"), executed by counsel on July 20, 2007 on behalf of the parties. Due and adequate notice having been given to the Class as required in said Order, and the Court having considered the thorough briefing and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this action and over all parties to the Action, including all members of the Class.

2. On July 18, 2006, this Court certified a class in this Action consisting of all participants and beneficiaries of the Aquila, Inc. Retirement Investment Plan for whose individual accounts the Plan purchased and/or held investments in a fund

---

[1] Capitalized terms not otherwise defined in this order shall have the same meaning as ascribed to them in the Settlement Agreement.

1

consisting almost entirely of common stock of Aquila and/or a fund consisting almost entirely of Enron Corporation common stock, from January 1, 1999 through May 5, 2004, inclusive. Excluded from the Class are Defendants, Aquila's Board of Directors throughout the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns and any entity in which any Defendant has or had a controlling interest (the "Settlement Class").

3. On September 21, 2007, more than 7000 copies of the Class Notice were mailed to Class members.

4. On September 25, 2007, a copy of the Summary Notice was published in *The Kansas City Star*.

5. In accordance with the Court's Preliminary Approval Order, the Class Notice and Settlement Agreement were posted on Wolf Haldenstein Adler Freeman & Herz's website ([www.whafh.com).](www.whafh.com)

6. The Class Notice and the Summary Notice fully informed Class members of their rights with respect to the Settlement, including the right to object to the Settlement or the application for an award of attorneys' fees and reimbursement of expenses.

7. The Class Notice and Summary Notice collectively met the statutory requirements of notice under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort due to the nature of this lawsuit and the definition of the class, and fully satisfied the

2

Case 4:04-cv-00865-DW   Document 147   Filed 11/29/07   Page 2 of 7

requirements of Federal Rule of Civil Procedure 23 and the requirement of due process.

8. The Action and all claims contained therein, as well as all of the Released Claims, are DISMISSED WITH PREJUDICE as to the Named Plaintiffs, the Class members, and the Plan, and as against the Releasees. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

9. The Court finds that the Settlement is fair, just, reasonable, and adequate as to each member of the Class. See In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 932 (8th Cir. 2005). Specifically, the complex and uncharted legal and factual posture of this case, the extensive discovery conducted, the fact that the settlement was the result of arms-length negotiations in front of a respected and fully-informed mediator, and comparison to similar ERISA settlements support this finding. Accordingly, the Settlement Agreement, and the Settlement contained therein, is hereby finally approved in all respects, and the parties are hereby directed to perform its terms.

10. The Named Plaintiffs, on behalf of themselves, the Plan and the Class, are deemed to have, and by operation of the Judgment shall have, absolutely and unconditionally released and forever discharged the Releasees from the Released Claims.

11. All members of the Class are hereby forever barred and enjoined from prosecuting the Released Claims against the Releasees.

12. Each of the Defendants are deemed to have, and by operation of this Judgment have, absolutely and unconditionally released and forever discharged the Named

3

Plaintiffs, the Class, and Class Counsel and their Related Parties from any and all claims relating to, or in connection with the institution or prosecution of the Action or the Settlement of any Released Claim.

13. The Plan of Allocation set forth in the Class Notice is approved as fair and reasonable, except that the 50% reduction to "Recognized Loss" shall apply only to Class members employed by the Company as of January 1, 2008, and Class members who have retired from the Company between January 1, 2005, and January 1, 2008.[2] Class Counsel is directed to administer the Settlement in accordance with its terms and provisions.

14. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. However, any such modification or change shall first be approved by this Court.

15. Class Counsel is hereby awarded attorneys' fees in the amount of 33% of the Settlement Fund, which the Court finds to be fair and reasonable, and $393,228.13 in reimbursement of Class Counsel's reasonable expenses incurred in prosecuting the Action. The attorneys' fees and expenses so awarded shall be paid from the Settlement Fund pursuant to the terms of the Settlement Agreement, as provided in the Settlement Agreement, with interest on such amounts from the date the Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. All fees and expenses paid to Class Counsel shall be paid pursuant to the timing requirements described in the Settlement

---

[2] For the reasons stated at the hearing, the Court finds that additional notice to the Class regarding this change is not necessary.

4

Agreement. The award of attorneys' fees shall be allocated by Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel in a manner which, in its sole discretion, Lead Counsel determines fairly compensates all Class Counsel for their respective contributions to the prosecution of the Action.

16. The Named Plaintiffs are hereby awarded incentive awards in the following amounts: Richard Itteilag $25,000; Barry O'Brien $5,000; Sharon Arr $5,000; Christie Wolf $5,000; John Pribyl $5,000; Robert Goodson $5,000; Michael Tylutki $5,000; Michael Reinhardt $5,000.

17. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, and the compensation awards to the Named Plaintiffs, the Court has considered and found that:

    (a) The Settlement achieved as a result of the efforts of Class Counsel has created a fund of $10,500,000 million in cash that is already on deposit, plus interest thereon, and will benefit thousands of Class members;

    (b) Over 7000 copies of the Class Notice were disseminated to Class members indicating that Class Counsel were moving for attorneys' fees in the amount of up to 33 % of the Settlement Fund and for reimbursement of litigation expenses of up to $500,000, and that the Named Plaintiffs would seek compensation awards totaling no more than $75,000. No objections were filed against the terms of the proposed Settlement, to the fees and expenses requested by Class Counsel, or against the compensation awards requested for the Named Plaintiffs.

(c) Class Counsel have conducted the litigation and achieved the Settlement, with skill, perseverance, and diligent advocacy;

(d) The Action involves complex factual and legal issues prosecuted over several years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Named Plaintiffs and the Class may have recovered less or nothing from the Defendants;

(f) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases;

(g) The Named Plaintiffs rendered valuable service to the Plan and to all Plan Participants. Without this participation, there would have been no case and no settlement.

18. Neither the Settlement Agreement nor the terms of the Settlement Agreement shall be offered or received into any Action or proceeding for any purposes, except (i) in an action or proceeding arising under this Settlement Agreement or arising out of or relating to the Preliminary Approval Order or the Final Order, or (ii) in any action or proceeding where the Releases provided pursuant to this Settlement Agreement may serve as a bar to recovery, or (iii) in any action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the Settlement and defense of the Action.

19. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Settlement.

20. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

Final judgment shall be entered herein.

Date: November 29, 2007                                   /s/ Dean Whipple
                                                         Dean Whipple
                                                         United States District Judge